# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 21, 2013, Session

## MARY JO EARL HEADRICK v. WILLIAM H. HEADRICK, JR.

**Appeal from the General Sessions Court for Loudon County**
**No. 7858     Rex A. Dale, Judge**

_____

### No. E2012-01674-COA-R3-CV-FILED-MARCH 21, 2013

_____

This is a post-divorce matter. The trial court found the appellant, William H. Headrick, Jr. ("Husband"), in contempt and set forth what Husband was required to do to purge himself of contempt. All of this was accomplished in an order entered on March 21, 2012. Husband filed a timely motion to alter or amend that was denied by the trial court in an order entered on June 13, 2012. Husband filed a notice of appeal on August 2, 2012. The appellee, Mary Jo Earl Headrick ("Wife"), filed a motion to dismiss in this Court predicated on her argument that the notice of appeal was not timely filed. We dismiss Husband's appeal as untimely filed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Brett D. Stokes, Knoxville, Tennessee, for the appellant.

Terry G. Vann, Lenoir City, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Husband argues that his counsel did not receive the June 13, 2012, order until July 31, 2012, when it was sent to him by the trial court clerk via facsimile transmission. Since the order of June 13, 2012, bears "the signatures of the judge and all . . . counsel," it was effective when "marked on the face by the clerk as filed for entry." Tenn. R. Civ. P. 58(1). The date marked on the order by the clerk is June 13, 2012. As the Advisory Commission's Comments to the 2005 amendment to the rule point out, "[t]he request and mailing, or failure to mail, do not affect the time for filing . . . a notice of appeal." Tenn. R. Civ. P. 58, Advisory Comm'n Comment to 2005 Amendment.

As an alternative argument, Husband asserts that his appeal can be saved by construing it as an appeal by permission pursuant to the provisions of Rule 9 of the Rules of Appellate Procedure. We disagree for two reasons. First, neither the March 21, 2012, order nor the June 13, 2012, order contains the written findings required by Rule 9(b). The trial court's statement in its March 21, 2012, order — "[u]pon request of [Husband], this Honorable Court further grants [Husband] permission to appeal its Order, in accordance with governing rules of [] Appellate Procedure" — is clearly not sufficient to satisfy the prescriptions of Rule 9(b). Second, even if we were to determine the trial court's language to be sufficient, Husband failed to file "an application for permission to appeal with the clerk of the appellate court within 10 days" of the filing of the June 13, 2012, order. *See* Tenn. R. App. P. 9(c). In fact, Husband never asked us for permission to pursue an interlocutory appeal pursuant to Rule 9.

Therefore, Wife's motion to dismiss is granted and Husband's appeal is dismissed. Costs on appeal are taxed to Husband, for which execution may issue if necessary.

**PER CURIAM**